United States District Court
District of Massachusetts

_____
                                   )
**FANTASTIC SAMS FRANCHISE CORP.,** )
    **Plaintiff,**            )
                                   )
    v.                       )    Civil Action No.
                                   )    11-11485-NMG
**FSRO ASSOCIATION, LTD., ET AL.,** )
    **Defendants.**            )
_____)

**MEMORANDUM & ORDER**

**GORTON, J.**

On August 22, 2011, plaintiff Fantastic Sams Franchise Corporation ("Fantastic Sams") filed a complaint and a motion to stay an arbitration brought against it by defendant FSRO Association, Ltd. ("FSRO") on behalf of FSRO's members. Fantastic Sams claims that, under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4, it is entitled to an order from this Court staying the collective arbitration and compelling all parties thereto to assert their claims on an individual basis.

**I.  Background**

Fantastic Sams is a Delaware corporation with its principal place of business in Massachusetts. It is the franchisor of a popular chain of hair salons. Fantastic Sams licenses rights to its name to regional owners who, in turn, license salon owners to operate the actual salons.

FSRO is a non-profit corporation based in Illinois that was formed to promote the interests of Fantastic Sams Regional Owners and whose membership consists solely of those regional owners. FSRO's suit for arbitration on its members' behalf seeks declaratory relief against Fantastic Sams' alleged breaches of contract and violations of the Massachusetts Consumer Protection Act, Mass. Gen. Laws ch. 93A.

Fantastic Sams asks this Court to stay the arbitration proceeding which, it contends, violates the parties' contractual agreement to arbitrate claims on an individual basis. The contracts call for any contractual dispute, including issues of interpretation or breach, to be submitted for arbitration according to the Commercial Arbitration Rules of the American Arbitration Association ("AAA"). However, 25 of those 35 contracts also prohibit arbitration on a "class-wide" basis and require any arbitration to be of a regional licensee's individual claim only.[1]

---

[1] A sample arbitration provision including this prohibition reads:

> Unless explicitly exempted otherwise, any controversy or claim arising out of or relating to this Agreement or with regard to its interpretation, formation or breach or any other aspect of the relationship between [the parties] shall be arbitrated in accordance with the Commercial Arbitration Rules of the American Arbitration Association.... It is the intent of the parties that any arbitration between [the parties] shall be of regional licensee's individual claim and that the claim subject to arbitration shall not be arbitrated on a class-wide basis.

Fantastic Sam's asserts that FSRO's "associational" claim violates the prohibition against class-wide arbitration. On September 9, 2011, it moved for a preliminary injunction to stay the pending arbitration with the AAA until the Court adjudicated its motion to stay. One week later, it moved for a temporary restraining order to the same effect after the AAA had refused its request to postpone the imminent deadline for selecting an arbitrator. Fantastic Sams states that immediate judicial intervention is required to prevent it from suffering the irreparable harm of having to arbitrate a claim which it did not agree to arbitrate.

FSRO opposed both of plaintiff's motions on September 21, 2011. It claims that its action, which involves "associational standing - an association suing on behalf of its members", is distinct from a class action and does not join individual claims. It also emphasizes that the parties agreed to submit issues of contract interpretation and breach to arbitration. The present issue, it claims, involves interpretation of the parties' contract and should be decided in the first instance by the arbitrator rather than the court.

After a motion hearing on Friday, September 23, 2011, the Court directed further briefing from the parties on the issue of the defendant's standing to commence arbitration proceedings on

behalf of the regional owners.  Those briefs were submitted on September 30, 2011.

## II. **Analysis**

### A. **Legal Standard**

It is settled that arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which it has not agreed to so submit.  AT&T Techs, Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 648 (1986).  Section 4 of the FAA allows a party aggrieved by another party's failure to arbitrate according to the terms of a written arbitration agreement to petition for a court order directing that the arbitration proceed as agreed.  9 U.S.C. § 4.[2]  The general rule is that whether parties agreed to submit a particular dispute to arbitration is an issue to be decided by the Court, not the arbitrator.  Id.

That general rule, however, may be modified by contract if the parties agree to allow the arbitrator to decide both whether a particular dispute is arbitrable as well as the merits of that dispute.  See Awuah v. Coverall North America, Inc., 554 F.3d 7,

---

[2] Although this section is silent on the matter of a stay order, the U.S. Court of Appeals for the First Circuit has held that "the power to enjoin an arbitration is the concomitant of the power to compel arbitration", and, therefore, the silence of § 4 should not be read to prohibit federal courts from issuing stay orders.  PCS 2000 LP v. Romulus Telecomm., Inc., 148 F.3d 32, 35 (1st Cir. 1998) (citing Societe Generale de Surveillance, S.A. v. Raytheon European Mgmt. & Sys. Co., 643 F.2d 863, 868 (1st Cir. 1981)).

10 (1st Cir. 2009) ("[W]here the parties themselves clearly and unmistakably agreed that the arbitrator should decide whether an issue is arbitrable, the Supreme Court has held that this issue is to be decided by the arbitrator."). Indeed, a presumption of arbitrability arises where a contract contains an arbitration clause. AT&T Techs., 475 U.S. at 650. That presumption is particularly applicable where the arbitration clause at issue is broad in scope, such as where it provides for arbitration of "any" kind of controversy pertaining to the contract. See id. Under such agreements, parties should be required to submit their disputes to arbitration

> unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.

Id. (internal quotation and citation omitted). If there are any doubts about coverage, the dispute should proceed to arbitration. See id.

The instant dispute concerns how to proceed when an arbitration agreement is silent or otherwise ambiguous on class arbitration. The United States Court of Appeals for the First Circuit has instructed that in such situations, questions regarding the applicability and validity of prohibitions against class action arbitration are more appropriately resolved by an arbitrator. Skirchak v. Dynamics Research Corp., 508 F.3d 49, 56 (1st Cir. 2007). In reaching that conclusion, the First Circuit

cited with approval a plurality decision from the Supreme Court in Green Tree Financial Corp. v. Bazzle, which held:

> [W]hen claims are submitted to arbitration, the question of whether class arbitration is forbidden is not a question of arbitrability, but initially a question of contract interpretation and should be decided in the first instance by an arbitrator.... [T]he question is not whether the parties wanted a judge or an arbitrator to decide whether they agreed to arbitrate a matter. Rather the relevant question here is what kind of arbitration proceeding the parties agreed to.[3]

Skirchak, 508 F.3d at 56 (citing Green Tree Fin. Corp. v. Bazzle, 539 U.S. 444, 447, 452 (2003)); see Anderson v. Comcast Corp., 500 F.3d 66 (1st Cir. 2007) (holding that arbitrator must decide whether a class action waiver in contract extended to cover the suit in question); Smith & Wollensky Restaurant Grp., Inc. v. Passow, No. 10-11498, 2011 WL 148302, at *1 (D. Mass. Jan. 18, 2011) (where agreement is ambiguous about class arbitration, arbitrator is authorized to decide what contractual basis may support a finding that the parties agreed to authorize class-action arbitration (internal quotation and citation omitted)).

Plaintiffs in this action rely heavily on a subsequent decision from the Supreme Court in Stolt-Nielson S.A. et al. v. Animalfeeds International Corp. for the proposition that a party

---

[3] Justice Stevens, in concurrence, did not take a firm position on who should decide whether a contract forbids class arbitration. Rather, he stated only that the matter "arguably" should be submitted in the first instance to the arbitrator.

cannot be compelled to arbitrate class action claims unless it has expressly agreed to so arbitrate. See 130 S. Ct. 1758, 1775 (2010) ("[A] party may not be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding that the party agreed to do so."). That case, however, declined to address the question of who, court or arbitrator, should decide whether a contract that is silent or ambiguous on class arbitration forbids such arbitration; rather, it addressed the appropriate standard a decisionmaker should apply to determine whether such arbitration is forbidden. See id. at 1771-72.

Whatever analytical tension lies between Bazzle and Stolt-Nielson, the First Circuit has approved of the holding in Bazzle. Accordingly, this Court will apply that reasoning to the instant case to determine whether the parties should submit their claims in the first instance to the Court or the arbitrator.

**B.  Application**

Twenty-five out of the thirty-five contracts at issue in this case contain arbitration agreements prohibiting arbitration on a "class-wide basis" and allowing arbitration of a regional owner's "individual claim only". Those 25 contracts therefore are not silent or ambiguous on the issue of class arbitration. Instead, they manifest the signatories' clear intent that any particular arbitration proceeding should address a regional

-7-

owner's individual grievance only.  The agreements state that
"[u]nless explicitly exempted otherwise," all claims and
controversies concerning the contract should be submitted for
arbitration.  They then proceed specifically to exempt claims
submitted on a class-wide basis.

FSRO does not challenge the validity of the ban on class-
wide arbitration but instead argues that there is ambiguity about
whether that ban includes its "associational" claim, which
presents the individual claims of FSRO members on a collective
basis.  The contracts, purportedly, do not prohibit such
collective or consolidated actions.

FSRO's argument is, however, unconvincing, particularly in
light of language requiring that arbitration be of a licensee's
individual claim only.  Its action appears simply to be, as
Fantastic Sams asserts, an "attempted end-run around" a specific
prohibition against class-wide or collective action in the
franchise agreements.  Accordingly, the Court will allow
Fantastic Sams' motion to stay and compel individual arbitration
with respect to FSRO's claims on behalf of regional owners whose
contracts prohibit class-wide arbitration.

On the other hand, Fantastic Sams' motion will be denied
with respect to FSRO's claims on behalf of regional owners whose
arbitration agreements do not contain such a prohibition.  The
arbitration clause in those contracts is very broad and applies,

without qualification, to all controversies or claims arising from or related to the contract, including issues of interpretation and breach. It also incorporates by reference the rules of the AAA, which, in turn, provide that the arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement. Moreover, the ten subject contracts do not mention class arbitration at all. Thus, whether those contracts prohibit FSRO's associational claims is a matter of contract interpretation which the parties have agreed to submit to arbitration.

**ORDER**

In accordance with the foregoing,

1)  Plaintiff's Motion to Stay Pending Arbitration and to Compel Separate Arbitrations (Docket No. 3) is, with respect to contracts prohibiting arbitration on a class-wide basis and allowing it to be of a regional owner's individual claim only, **ALLOWED** but is, with respect to the remaining contracts, **DENIED.**

2)  Plaintiff's Motions for a Preliminary Injunction (Docket No. 8) and a Temporary Restraining Order (Docket No. 18) are **DENIED** as moot.

**So ordered.**

                                                 /s/ Nathaniel M. Gorton
                                                 Nathaniel M. Gorton
                                                 United States District Judge

Dated October 12, 2011